ERIC TROUTMAN - SBN 229263
troutman.eric@dorsey.com
DIVYA GUPTA - SBN 284282
gupta.divya@dorsey.com
DORSEY & WHITNEY LLP
600 Anton Boulevard
Suite 2000
Costa Mesa, CA 92626-7655
Telephone:   (714) 800-1400
Facsimile:   (714) 800-1499

Attorneys for Defendant
WELLS FARGO BANK, N.A.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

|  |  |
|---|---|
| MARK GOOCH,<br><br>          Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION; and DOES 1 - 10 inclusive,<br><br>          Defendant. | CASE NO.<br>[Shasta County Superior Court<br>Case No. RD CV-G – 17-0000842-000]<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1367, 1441 & 1446** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, PLAINTIFF, AND PLAINTIFF'S COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, defendant Wells Fargo Bank, National Association ("Wells Fargo" or the "Defendant"), by and through its undersigned counsel, appearing specially so as to preserve any and all defenses including those available under Rule 12 of the Federal Rules of Civil Procedure, and specifically preserving the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, hereby removes the above-captioned action from the Superior Court in and for Shasta County, California, to the United States District Court for the Eastern District of California, Sacramento Division. Defendant is entitled to removal pursuant to 28 U.S.C.

§§ 1331 and 1367, based on federal question jurisdiction and supplemental jurisdiction, and as grounds in support of this Notice of Removal, respectfully shows the Court as follows:

## I. INTRODUCTION

1.      On or about October 6, 2017, plaintiff Mark Gooch ("Plaintiff") commenced this action in the Superior Court in and for Shasta County, California entitled *Mark Gooch vs. Wells Fargo Bank, National Association; and Does 1 – 10 inclusive,* Civil Action No. 17CV0842 (the "State Court Action"). (*See generally* Complaint).[1]  The Superior Court in and for Shasta County, California, is a state court within this judicial district and division.

2.      Plaintiff's Complaint purports to assert claims for (1) Violation of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 (the "RFDCPA"), and (2) Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), (*See generally* Complaint, Ex. A at ¶¶ 22-29).  All of Plaintiff's claims are based on the same set of operative facts, and all form part of the same case or controversy.  (*See id.* ¶¶ 6-29).

3.      This case is properly removable pursuant to 28 U.S.C. § 1441 because federal question jurisdiction is present.  In pertinent part, section 1441 provides as follows:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

4.      As shown below, this matter is properly removable under 28 U.S.C. § 1441 as the United States District Court has original jurisdiction over this case under 28 U.S.C. § 1331.

## II. FEDERAL QUESTION JURISDICTION EXISTS OVER THIS ACTION

5.      Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Removal jurisdiction based upon a federal question exists when a federal question is presented on the face of a plaintiff's

---

[1] A copy of all process, pleadings, and orders served on Wells Fargo in the State Court Action, including Plaintiff's Complaint, are attached to this Notice pursuant to 28 U.S.C. § 1446(a) as Exhibit "A."

complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

6.     This is a civil action arising under the Constitution, laws, or treatises of the United States because Plaintiff's Complaint names a claim for violation of the TCPA. (*See* Complaint ¶¶ 24-29). Plaintiff's Complaint therefore presents a federal question within the meaning of 28 U.S.C. § 1331, as it arises under the laws of the United States. *See Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 753 (2012) (holding federal courts have original jurisdiction to hear TCPA claims pursuant to 28 U.S.C. § 1331).

7.     Accordingly, Plaintiff's federal claim arises under the laws of the United States and could have been originally filed in this Court.

### III. <u>SUPPLEMENTAL JURISDICTION</u>

8.     In addition, this Court can also exercise supplemental jurisdiction over Plaintiff's state law RFDCPA claim because the claim "form[s] part of the same case or controversy" as Plaintiff's federal claim.  The supplemental jurisdiction statute, 28 U.S.C. § 1367(a), provides, in pertinent part, as follows:

> [I]n any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . .

9.     In the instant case, Plaintiff's state law claim against Wells Fargo is related to the exact same activity that forms the basis for Plaintiff's federal claim. *See* Pl's. Complaint ¶¶ 19-23. Thus, because Plaintiff's RFDCPA claim relates to the same allegedly improper phone calls made by Wells Fargo as her TCPA claim, (*see id.* ¶¶ 8-48), it is clear that Plaintiff's state law claim in this case is "so related to claims in the action within [this Court's] original jurisdiction that they form part of the same case or controversy" and, as a result, fall squarely within this Court's supplemental jurisdiction as provided under 28 U.S.C. § 1367(a); *see also* 28 U.S.C. § 1441(c) (providing that "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may

1   determine all issues therein").

2        10.    Moreover, this Court should exercise supplemental jurisdiction over Plaintiff's state

3   law claim in this action in order to avoid "an unnecessary duplication of judicial resources." *See*

4   *Bensman v. CitiCorp Trust, N.A.*, 354 F. Supp. 2d 1330, 1333-34 (S.D. Fla. 2005) (stating that to

5   decline to exercise supplemental jurisdiction "would lead to an unnecessary duplication of judicial

6   resources"); *McCalla v. Avmed, Inc.*, No. 0:11-cv-60007, 2011 WL 6780872, at \*2 (S.D. Fla. Mar.

7   7, 2011) (finding that because the plaintiff's federal and state law claims "appear to involve the

8   same cast of characters and evidence . . . it would be a waste of scarce judicial resources not to

9   exercise supplemental jurisdiction over the state law claim"); *see also Braswell Wood Co., Inc. v.*

10   *Waste Away Group, Inc.*, No. 2:09-cv-891, 2011 WL 2292311, \*3 (M.D. Ala. June 9, 2011)

11   (recognizing that judicial economy is a consideration in whether to exercise supplemental

12   jurisdiction).  In the instant case, Plaintiff's state law claim arises from the same transaction or

13   occurrences as Plaintiff's federal claim and involves the same witnesses and evidence, but does not

14   raise novel or complex issues of state law, nor predominates over the federal claim.  *See, e.g.*,

15   *Bensman*, 354 F. Supp. 2d at 1333-34 (citing 28 U.S.C. § 1367(c)).  Therefore, this Court has the

16   discretion to and should exercise jurisdiction over all of the claims asserted in Plaintiff's Complaint.

17   **IV. <u>ADOPTION AND RESERVATION OF DEFENSES</u>**

18        11.    Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment

19   of any of Wells Fargo's rights to assert any defense or affirmative matter, including, but not limited

20   to, the defenses of:  (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency

21   of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6)

22   failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to

23   join indispensable parties; or (9) any other pertinent defense available under California law and/or

24   Fed. R. Civ. P. 12, any state or federal statute, or otherwise.  Wells Fargo also expressly reserves

25   the right to demand arbitration pursuant to any contractual agreements with the Plaintiff and the

26   Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*

27   **V. <u>PROCEDURAL REQUIREMENTS</u>**

28        12.    This case is a civil action within the meaning of the Acts of Congress relating to the

removal of cases.

13.     True and correct copies of "all process, pleadings, and orders" served upon Wells Fargo to date are attached hereto as Exhibit "A" in conformity with 28 U.S.C. § 1446(a).  No other process, pleadings, or orders have been served upon Wells Fargo to date in this case.

14.     This Notice of Removal is timely under 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a)(3) because the State Court Action was served on October 10, 2017.  Therefore, this Notice of Removal is filed within thirty days after service and within one year of the original filing of the Complaint.

15.     Wells Fargo has heretofore sought no similar relief in this action.

16.     Venue in this Court is proper pursuant to 28 U.S.C. §1441(a) because the United States District Court, Eastern District of California, Sacramento Division, is the federal judicial district and division embracing the Superior Court in and for Shasta County, California, where the State Court Action was originally filed.

17.     Pursuant to 28 U.S.C. § 1446(d), Wells Fargo is filing this Notice of Removal with this Court, serving a copy of this Notice of Removal upon Plaintiff, and filing a copy of this Notice of Removal, as well as a Notice of Filing Notice of Removal, in the Superior Court in and for Shasta County, California.

18.     Wells Fargo reserves the right to supplement this Notice of Removal by adding any jurisdictional defenses that may independently support a basis for removal.

**WHEREFORE**, Wells Fargo prays that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Superior Court in and for Shasta County, California, to the United States District Court for the Eastern District of California, Sacramento Division.

///

///

///

///

///

1    Respectfully submitted this 8th day of November, 2017.

2                                      DORSEY & WHITNEY LLP

3

4                               By:   /s/ Divya S. Gupta
                                      Divya S. Gupta
5
                                      Attorneys for Defendant
6                                     WELLS FARGO BANK, N.A.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                       6        NOTICE OF REMOVAL OF ACTION

# EXHIBIT A


CSC

# Notice of Service of Process

CQW / ALL
**Transmittal Number: 17246734**
**Date Processed: 10/11/2017**

| | |
|---|---|
| Primary Contact: | WF West - WF Bank<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |

| | |
|---|---|
| Entity: | Wells Fargo Bank, National Association<br>Entity ID Number 2013649 |
| Entity Served: | Wells Fargo Bank, National Association |
| Title of Action: | Mark Gooch vs. Wells Fargo Bank, National Association |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court/Agency: | Shasta County Superior Court, California |
| Case/Reference No: | 17CV0842 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 10/10/2017 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Todd M. Friedman<br>877-206-4741 |
| Client Requested Information: | Matter Management User Groups: [Service of Process] |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**COPY**

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WELLS FARGO BANK, NATIONAL ASSOCIATION; and DOES 1 –
10 inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MARK GOOCH

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**F I L E D**

OCT – 6 2017

CLERK OF THE SUPERIOR COURT
BY: K. BESANA, DEPUTY CLERK

**BY FAX**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court, County of Shasta<br>1500 Court Street, Room 319<br>Redding, California 96001 | **CASE NUMBER:**<br>*(Número del Caso):* 17 C V 0 8 4 2 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 21550 Oxnard St., Suite 780  Woodland Hills, CA 91367, 877-206-4741

| DATE:<br>*(Fecha)* | OCT 0 6 2017 | Clerk, by<br>*(Secretario)* | K. Besana | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* **Wells Fargo Bank, National Association**

   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
                ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
                ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
                ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

COPY

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Todd M. Friedman, Esq. SBN 216752
Law Offices of Todd M. Friedman
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367

TELEPHONE NO.: 877-206-4741   FAX NO.: 866-633-0228
ATTORNEY FOR *(Name):* Plaintiff, MARK GOOCH

**FILED**

OCT - 6 2017

CLERK OF THE SUPERIOR COURT
BY: K. BESANA, DEPUTY CLERK

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Shasta
STREET ADDRESS: 1500 Court St, Room 319
MAILING ADDRESS: 1500 Court St, Room 319
CITY AND ZIP CODE: Redding 96001
BRANCH NAME: Main Courthouse

CASE NAME:
MARK GOOCH v. WELLS FARGO BANK, N.A. et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☐ Unlimited (Amount demanded exceeds $25,000) ☑ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | **17CV0842**  JUDGE:  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☑ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* 2
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 5, 2017
Todd M. Friedman
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

BY FAX

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (08)
   Breach of Rental/Lease
      Contract *(not unlawful detainer
         or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-
      domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
      harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

**COPY**

**FILED**

**OCT - 6 2017**

CLERK OF THE SUPERIOR COURT
BY: K. BESANA, DEPUTY CLERK

1    Todd M. Friedman (216752)
2    Adrian R. Bacon (280332)
     Law Offices of Todd M. Friedman, P.C.
3    21550 Oxnard St., Suite 780
     Woodland Hills, CA 91367
4    Phone: 877-206-4741
     Fax: 866-633-0228
5    tfriedman@toddflaw.com
6    abacon@toddflaw.com
     Attorneys for Plaintiff
7

8         SUPERIOR COURT OF THE STATE OF CALIFORNIA
             FOR THE COUNTY OF SHASTA
9                LIMITED JURISDICTION

| | |
|---|---|
| 10 MARK GOOCH, | )   Case No.    **17CV0842** |
| 11 | ) |
| Plaintiff, | )   **COMPLAINT** |
| 12 | )   (Amount not to exceed $10,000) |
| 13    vs. | ) |
| | )   1.   Violation of Rosenthal Fair Debt |
| 14 | )       Collection Practices Act |
| WELLS FARGO BANK, NATIONAL | )   2.   Violation of Telephone Consumer |
| 15 ASSOCIATION; and DOES 1 – 10 inclusive, | )       Protection Act |
| 16 | ) |
| Defendant. | )   **JURY DEMANDED** |
| 17 | ) |
| 18 | ) |

19                    **I. INTRODUCTION**

20        1.     This is an action for damages brought by an individual consumer for Defendant's

21 violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.*

22 (hereinafter "RFDCPA") which prohibits debt collectors from engaging in abusive, deceptive,

23 and unfair practices.    Ancillary to the claims above, Plaintiff further alleges claims for

24 Defendant's violations of the Telephone Consumer Protection Act., 47 U.S.C. §227, *et seq.*

25 (hereinafter, "TCPA").

26                      **II. PARTIES**

27        2.      Plaintiff, MARK GOOCH ("Plaintiff"), is a natural person residing in Shasta

28 County in the state of California and is a "debtor" as defined by Cal. Civ. Code §1788.2(h).

Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

**BY FAX**

3.     At all relevant times herein, Defendant, WELLS FARGO BANK, NATIONAL ASSOCIATION ("Defendant"), is a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by Cal. Civ. Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due them, and therefore is a "debt collector" as defined by the RFDCPA, Cal. Civ. Code §1788.2(c). Further, Defendant uses an "automatic telephone dialing system" as defined by the TCPA, 47 U.S.C. §227 and is a "person" as defined by 47 U.S.C. § 153(39).

4.     The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

5.     Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

### III. FACTUAL ALLEGATIONS

6.     At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

7.     Within the past year, Defendant called Plaintiff's cell phone ending in -6017 numerous times.

8.     Defendant called in connection with collection on a debt for which Plaintiff is not and never has been responsible.

9.     In one of Defendant's initial phone calls to Plaintiff, Plaintiff told Defendant to stop calling him regarding the alleged debt.

10.     However, Defendant continued to call Plaintiff. In fact, Defendant called Plaintiff's cellular telephone in excess of thirty (30) times subsequent to his request that Defendant cease calling him.

11.     Defendant called from phone numbers belonging to them.

12.     Defendant's calls were excessive and harassing to Plaintiff.

13.     Defendant's calls were made to Plaintiff in connection with collection on an alleged debt.

14.     As a result of Defendant's actions, Plaintiff have retained counsel. Plaintiff's counsel sent a notice of representation on or about March 30, 2017. Defendant has failed to respond to that letter at this time.

15.     Defendant also used an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), to place its repeated collection calls to Plaintiffs seeking to collect the debt allegedly owed.

16.     Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

17.     Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiffs incur a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1).

18.     §1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. §1692d, and §1692d(5).

19.     Defendant's conduct violated the RFDCPA in multiple ways, including but not limited to:

   a) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal. Civ. Code § 1788.11(d));

b) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal. Civ. Code § 1788.11(e));

c) Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (15 U.S.C. § 1692d(5));

d) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (15 U.S.C. § 1692c(a)(1)) ; and

e) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (15 U.S.C. § 1692d)).

20.     Defendant's conduct violated the TCPA by:

a) using any automatic telephone dialing system or an artificial or pre-recorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call (47 USC §227(b)(A)(iii)).

21.     As a result of the above violations of the RFDCPA and TCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

22.     Plaintiff reincorporates by reference all of the preceding paragraphs.

23.     To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A.     Actual damages;
B.     Statutory damages for willful and negligent violations;
C.     Costs and reasonable attorney's fees;
D.     For such other and further relief as may be just and proper.

///

## COUNT II: VIOLATION OF TELEPHONE
## CONSUMER PROTECTION ACT

24.    Plaintiff incorporates by reference all of the preceding paragraphs.

25.    The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq.*.

26.    As a result of Defendant's negligent violations of *47 U.S.C. §227 et seq.*, Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

27.    The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq.*.

28.    As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

29.    Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. As a result of Defendant's negligent violations of 47 U.S.C. §227(b)(1), Plaintiff is entitled to and request $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B);

B. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. §227(b)(1), Plaintiff is entitled to  and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C); and

C. Any and all other relief that the Court deems just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

30.    Pursuant to his right under Article 1, Section 16 of the Constitution of the State of California, Plaintiff demands a trial by jury on all issues so triable.

1

2   Respectfully submitted on October 5, 2017

3           By: _____

4               Todd M. Friedman, Esq.
                Law Offices of Todd M. Friedman, P.C.
5               Attorney for Plaintiff

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
### FOR THE COUNTY OF SHASTA

CASE NO.: **17CV0842**

NOTICE OF 1) ALL PURPOSE ASSIGNMENT,
2) MANDATORY SETTLEMENT
CONFERENCE AND 3) TRIAL

# INSTRUCTIONS – READ IMMEDIATELY!

## ORDER OF ASSIGNMENT

This action is assigned to the ☐ Hon. Stephen H. Baker / ☑ Hon. Tamara L. Wood for all purposes pursuant to Local Rule 3.02 of the Shasta County Superior Court.

## MANDATORY SETTLEMENT CONFERENCE DATE

A Mandatory Settlement Conference will be conducted in this action on Monday/Tuesday 6·4·18 at 1:30 p.m. in Department ☐ 3 / ☑ 8, located at 1500 Court Street, Redding, California 96001. All parties to this action are required to appear at the Settlement Conference. The parties are ordered to comply with California Rules of Court, Rule 3.1380 relating to settlement conferences. Pursuant to Rule 3.1380(b), this court finds good cause is deemed to have been shown to excuse from attendance at settlement conference claims persons whose offices are more than 100 miles from the courthouse.

## TRIAL DATE

This matter is set for Trial on Tuesday/Wednesday, 8·28·18 at 8:45 a.m. in Department ☐ 3 / ☑ 8, located at 1500 Court Street, Redding, CA 96001.

## REQUIREMENT FOR SERVING THIS NOTICE

Plaintiff shall serve this notice on each defendant at the time of service of the complaint and on all intervenors and interpleaders within 10 days of service on plaintiff of complaints in intervention or interpleader. All cross-complainants shall serve this notice on each cross-defendant at the time of service of the cross-complaint.

IF YOU ARE A DEFENDANT OR CROSS-DEFENDANT, YOU HAVE BEEN SERVED WITH OTHER DOCUMENTS ALONG WITH THIS NOTICE. UNDER THE LAW, THOSE OTHER DOCUMENTS REQUIRE YOU TO TAKE ACTION PROMPTLY TO PRESERVE YOUR RIGHTS. PLEASE REVIEW THOSE MATERIALS IMMEDIATELY. THE REQUIREMENTS SET FORTH IN THIS NOTICE AND THE SETTLEMENT CONFERENCE AND TRIAL DATE SCHEDULED IN THIS NOTICE ARE SEPARATE AND ARE IN ADDITION TO THOSE CONTAINED IN THE OTHER DOCUMENTS WHICH YOU HAVE RECEIVED.

Dated: January 3, 2017

GARY G. GIBSON, Presiding Judge

I CERTIFY THAT A COPY OF THIS DOCUMENT WAS PROVIDED TO THE PLAINTIFF ON
6·5·17 BY: _____, DEPUTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SHASTA
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. Private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. You can read more information about these ADR processes and watch videos that demonstrate them at http://www.courts.ca.gov/programs-adr.htm . If the parties agree to an ADR program, the parties may file the agreement with the court for the purpose of assisting the court in determining how to proceed at the case management conference.

### Potential Advantages and Disadvantages

ADR may have a variety of advantages and disadvantages over a trial, depending on the type of ADR process used and the particular case:

#### Potential Advantages
- Saves time
- Saves money
- Gives parties more control over the dispute resolution process and outcome
- Preserves or improves relationships.

#### Potential Disadvantages
- May take more time and money if ADR does not resolve the dispute
- Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable.

### Most Common Types of ADR

**Mediation** – A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners.

**Settlement Conferences** – A judge helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Neutral Evaluation** – The parties briefly and informally present their facts and arguments to a neutral person called an "evaluator", who is often an expert in the subject matter of the dispute. The evaluator does not decide the outcome of the dispute, but helps the parties to do so by giving them a non-binding opinion about the strengths, weaknesses, and likely outcome of their case. Depending on the neutral evaluation program and the parties' wishes, the evaluator may then help the parties try to negotiate a settlement. Neutral evaluation may be appropriate if the parties want a neutral person's opinion about how

Information Sheet
Shasta County Superior Court
LF-CIV-103 [rev. March 28, 2013]

ALTERNATIVE DISPUTE RESOLUTION
(ADR) INFORMATION PACKAGE

Page 1 of 2

## CERTIFICATE OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the City of Costa Mesa, County of Orange, State of California.  I am over the age of eighteen years and not a party to the within entitled action; my business address is 600 Anton Boulevard, Suite 2000, Costa Mesa, CA 92626-7655.

On November 8, 2017, I served a copy of the following document(s) described as **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1367, 1441 & 1446** on the interested party(ies) in this action as follows:

Todd M. Friedman, Esq.
Adrian R. Bacon, Esq.
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Telephone:  (877) 206-4741
Facsimile:  (866) 633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com

☐ **BY MAIL:**  By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on that date following ordinary business practices.  I am "readily familiar" with this business' practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service in Costa Mesa, California, in a sealed envelope with postage fully prepaid.

☒ **BY OVERNIGHT DELIVERY:**  I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed as above.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ **BY MESSENGER SERVICE.**  I served the documents by placing them in an envelope or package addressed to the person(s) at the address(es) above and providing them to a professional messenger service for service.  A declaration by the messenger is attached.

☐ **BY FACSIMILE:**  Based on an agreement of the parties to accept service by fax transmission, I faxed the document(s) to the person(s) at the fax number(s) listed above. The telephone number of the sending facsimile machine was (714) 800-1499.  The sending facsimile machine issued a transmission report confirming that the transmission was complete and without error.  A copy of that report is attached.

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from claridge.vanessa@dorsey.com to the person(s) at the e-mail address(es) listed above.

☐ **STATE:**  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ **FEDERAL:**  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

1    Executed on November 8, 2017, at Costa Mesa, California.

2

3    _____        _____
          Vanessa J. Claridge                      /s/ Vanessa J. Claridge
4          (Type or print name)                        (Signature)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28