1  ERIC TROUTMAN - SBN 229263
   troutman.eric@dorsey.com
2  DIVYA GUPTA - SBN 284282
   gupta.divya@dorsey.com
3  DORSEY & WHITNEY LLP
   600 Anton Boulevard
4  Suite 2000
   Costa Mesa, CA 92626-7655
5  Telephone:    (714) 800-1400
   Facsimile:    (714) 800-1499
6
7  Attorneys for Defendant
   WELLS FARGO BANK, N.A.
8
                    **UNITED STATES DISTRICT COURT**
9
          **EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION**
10

11
   MARK GOOCH,                          | CASE NO.
12
              Plaintiff,                | [Shasta County Superior Court
13                                       | Case No. RD CV-G – 17-0000842-000]
   v.
14                                       | **DEFENDANT WELLS FARGO BANK,**
   WELLS FARGO BANK, NATIONAL            | **N.A.'S APPENDIX OF STATE COURT**
15 ASSOCIATION; and DOES 1 - 10 inclusive, | **PLEADINGS AND DOCUMENTS FILED**
                                         | **IN CONNECTION WITH NOTICE OF**
16            Defendant.                 | **REMOVAL OF ACTION TO THE**
                                         | **UNITED STATES DISTRICT COURT**
17                                       | **FOR THE EASTERN DISTRICT OF**
                                         | **CALIFORNIA**
18
19                                       | Federal Question Jurisdiction

20                                       | [28 U.S.C. §§ 1331, 1367, 1441 & 1446]

21

22

23

24

25

26

27

28

                                    1
   DEFENDANT'S APPENDIX OF STATE COURT PLEADINGS AND DOCUMENTS FILED IN CONNECTION
                                                        WITH NOTICE OF REMOVAL

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

Attached hereto is the appendix of state court pleadings and documents filed concurrently with defendant Wells Fargo Bank, National Association ("Defendant") Notice of Removal of Action to the United States District Court for the Eastern District of California – Sacramento Division - pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446.

| **EXHIBIT NO.** | **DESCRIPTION** |
| --- | --- |
| 1. | Complaint |
| 2. | Summons |
| 3. | Civil Case Cover Sheet |
| 4. | Order of Assignment |
| 5. | Alternative Dispute Resolution (ADR) Information Package |

DATED:  November 8, 2017                    DORSEY & WHITNEY LLP


By:  /s/ Divya S. Gupta
     Divya S. Gupta

     Attorneys for Defendant
     WELLS FARGO BANK, N.A.

DEFENDANT'S APPENDIX OF STATE COURT PLEADINGS AND DOCUMENTS FILED IN CONNECTION WITH NOTICE OF REMOVAL

# EXHIBIT 1



# CSC

# Notice of Service of Process

CQW / ALL
**Transmittal Number: 17246734**
**Date Processed: 10/11/2017**

| Primary Contact: | WF West - WF Bank<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |
|---|---|

| | |
|---|---|
| **Entity:** | Wells Fargo Bank, National Association<br>Entity ID Number  2013649 |
| **Entity Served:** | Wells Fargo Bank, National Association |
| **Title of Action:** | Mark Gooch vs. Wells Fargo Bank, National Association |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Shasta County Superior Court, California |
| **Case/Reference No:** | 17CV0842 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 10/10/2017 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Todd M. Friedman<br>877-206-4741 |
| **Client Requested Information:** | Matter Management User Groups: [Service of Process] |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

COPY

**FILED**

OCT - 6 2017

CLERK OF THE SUPERIOR COURT
BY: K. BESANA, DEPUTY CLERK

1  Todd M. Friedman (216752)
2  Adrian R. Bacon (280332)
   Law Offices of Todd M. Friedman, P.C.
3  21550 Oxnard St., Suite 780
   Woodland Hills, CA 91367
4  Phone: 877-206-4741
   Fax: 866-633-0228
5  tfriedman@toddflaw.com
6  abacon@toddflaw.com
   Attorneys for Plaintiff
7

8        SUPERIOR COURT OF THE STATE OF CALIFORNIA
              FOR THE COUNTY OF SHASTA
9                 LIMITED JURISDICTION

10  MARK GOOCH,                     )  Case No.    **17CV0842**
11                                  )
    MARK GOOCH,                     )  **COMPLAINT**
12  Plaintiff,                      )  **(Amount not to exceed $10,000)**
                                    )
13       vs.                        )  1.  Violation of Rosenthal Fair Debt
                                    )      Collection Practices Act
14  WELLS FARGO BANK, NATIONAL      )  2.  Violation of Telephone Consumer
15  ASSOCIATION; and DOES 1 – 10 inclusive, )  Protection Act
                                    )
16  Defendant.                      )  **JURY DEMANDED**
17                                  )
                                    )
18

**BY FAX**

19                    **I. INTRODUCTION**

20       1.     This is an action for damages brought by an individual consumer for Defendant's

21  violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.*

22  (hereinafter "RFDCPA") which prohibits debt collectors from engaging in abusive, deceptive,

23  and unfair practices.   Ancillary to the claims above, Plaintiff further alleges claims for

24  Defendant's violations of the Telephone Consumer Protection Act., 47 U.S.C. §227, *et seq.*

25  (hereinafter, "TCPA").

26                      **II. PARTIES**

27       2.     Plaintiff, MARK GOOCH ("Plaintiff"), is a natural person residing in Shasta

28  County in the state of California and is a "debtor" as defined by Cal. Civ. Code §1788.2(h).

Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

Complaint - 1

3.     At all relevant times herein, Defendant, WELLS FARGO BANK, NATIONAL ASSOCIATION ("Defendant"), is a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by Cal. Civ. Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due them, and therefore is a "debt collector" as defined by the RFDCPA, Cal. Civ. Code §1788.2(c). Further, Defendant uses an "automatic telephone dialing system" as defined by the TCPA, 47 U.S.C. §227 and is a "person" as defined by 47 U.S.C. § 153(39).

4.     The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

5.     Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants.  Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## III. FACTUAL ALLEGATIONS

6.     At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

7.     Within the past year, Defendant called Plaintiff's cell phone ending in -6017 numerous times.

8.     Defendant called in connection with collection on a debt for which Plaintiff is not and never has been responsible.

9.     In one of Defendant's initial phone calls to Plaintiff, Plaintiff told Defendant to stop calling him regarding the alleged debt.

10.     However, Defendant continued to call Plaintiff. In fact, Defendant called Plaintiff's cellular telephone in excess of thirty (30) times subsequent to his request that Defendant cease calling him.

11.     Defendant called from phone numbers belonging to them.

12.     Defendant's calls were excessive and harassing to Plaintiff.

13.     Defendant's calls were made to Plaintiff in connection with collection on an alleged debt.

14.     As a result of Defendant's actions, Plaintiff have retained counsel.  Plaintiff's counsel sent a notice of representation on or about March 30, 2017.  Defendant has failed to respond to that letter at this time.

15.     Defendant also used an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), to place its repeated collection calls to Plaintiffs seeking to collect the debt allegedly owed.

16.     Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

17.     Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiffs incur a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1).

18.     §1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. §1692d, and §1692d(5).

19.     Defendant's conduct violated the RFDCPA in multiple ways, including but not limited to:

    a)   Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal. Civ. Code § 1788.11(d));

b) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal. Civ. Code § 1788.11(e));

c) Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (15 U.S.C. § 1692d(5));

d) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (15 U.S.C. § 1692c(a)(1)) ; and

e) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (15 U.S.C. § 1692d)).

20.   Defendant's conduct violated the TCPA by:

a) using any automatic telephone dialing system or an artificial or pre-recorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call (47 USC §227(b)(A)(iii)).

21.   As a result of the above violations of the RFDCPA and TCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF ROSENTHAL
## FAIR DEBT COLLECTION PRACTICES ACT

22.   Plaintiff reincorporates by reference all of the preceding paragraphs.

23.   To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A.   Actual damages;
B.   Statutory damages for willful and negligent violations;
C.   Costs and reasonable attorney's fees;
D.   For such other and further relief as may be just and proper.

///

## COUNT II: VIOLATION OF TELEPHONE
## CONSUMER PROTECTION ACT

24.     Plaintiff incorporates by reference all of the preceding paragraphs.

25.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq.*.

26.     As a result of Defendant's negligent violations of *47 U.S.C. §227 et seq.*, Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

27.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq.*.

28.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

29.     Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.  As a result of Defendant's negligent violations of 47 U.S.C. §227(b)(1), Plaintiff is entitled to and request $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B);

    B.  As a result of Defendant's willful and/or knowing violations of 47 U.S.C. §227(b)(1), Plaintiff is entitled to  and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C); and

    C.  Any and all other relief that the Court deems just and proper.

### PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

30.     Pursuant to his right under Article 1, Section 16 of the Constitution of the State of California, Plaintiff demands a trial by jury on all issues so triable.

1           Respectfully submitted on October 5, 2017

2

3                    By:

                             Todd M. Friedman, Esq.

4                       Law Offices of Todd M. Friedman, P.C.

5                       Attorney for Plaintiff

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 2

**COPY**

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WELLS FARGO BANK, NATIONAL ASSOCIATION; and DOES 1 –
10 inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MARK GOOCH

**F I L E D**

OCT – 6 2017

CLERK OF THE SUPERIOR COURT
BY: K. BESANA, DEPUTY CLERK

**BY FAX**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court, County of Shasta | CASE NUMBER:<br>*(Número del Caso):* 17CV0842 |
|---|---|

1500 Court Street, Room 319
Redding, California 96001

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 21550 Oxnard St., Suite 780  Woodland Hills, CA 91367, 877-206-4741

| DATE:<br>*(Fecha)* OCT 0 6 2017 | Clerk, by<br>*(Secretario)* K. Besana | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* **Wells Fargo Bank, National Association**

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com

# EXHIBIT 3

COPY

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>— Todd M. Friedman, Esq. SBN 216752<br>Law Offices of Todd M. Friedman<br>21550 Oxnard St., Suite 780<br>Woodland Hills, CA 91367<br>TELEPHONE NO.: 877-206-4741    FAX NO.: 866-633-0228<br>ATTORNEY FOR *(Name):* Plaintiff, MARK GOOCH | **FOR COURT USE ONLY**<br><br>**FILED**<br><br>OCT – 6 2017<br><br>CLERK OF THE SUPERIOR COURT<br>BY: K. BESANA, DEPUTY CLERK |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Shasta
STREET ADDRESS: 1500 Court St, Room 319
MAILING ADDRESS: 1500 Court St, Room 319
CITY AND ZIP CODE: Redding 96001
BRANCH NAME: Main Courthouse

**CASE NAME:**
MARK GOOCH v. WELLS FARGO BANK, N.A. et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 17CV0842 |
|---|---|---|
| ☐ Unlimited (Amount demanded exceeds $25,000)   ☑ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1.** Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☑ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

**2.** This case ☐ is ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):* a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
**4.** Number of causes of action *(specify):* 2
**5.** This case ☐ is ☑ is not  a class action suit.
**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 5, 2017

Todd M. Friedman
_____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007]<br><br>**CIVIL CASE COVER SHEET**<br><br>Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov*<br><br>American LegalNet, Inc.<br>www.FormsWorkflow.com

BY FAX

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

# EXHIBIT 4

## THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF SHASTA

CASE NO.: **17CV0842**

### NOTICE OF 1) ALL PURPOSE ASSIGNMENT, 2) MANDATORY SETTLEMENT CONFERENCE AND 3) TRIAL

# INSTRUCTIONS – READ IMMEDIATELY!

## ORDER OF ASSIGNMENT

This action is assigned to the ☐ Hon. Stephen H. Baker / ☒ Hon. Tamara L. Wood for all purposes pursuant to Local Rule 3.02 of the Shasta County Superior Court.

## MANDATORY SETTLEMENT CONFERENCE DATE

A Mandatory Settlement Conference will be conducted in this action on Monday/Tuesday _6·4·18_ at 1:30 p.m. in Department ☐ 3 / ☒ 8, located at 1500 Court Street, Redding, California 96001. All parties to this action are required to appear at the Settlement Conference. The parties are ordered to comply with California Rules of Court, Rule 3.1380 relating to settlement conferences. Pursuant to Rule 3.1380(b), this court finds good cause is deemed to have been shown to excuse from attendance at settlement conference claims persons whose offices are more than 100 miles from the courthouse.

## TRIAL DATE

This matter is set for Trial on Tuesday/Wednesday, _8·28·18_ at 8:45 a.m. in Department ☐ 3 / ☒ 8, located at 1500 Court Street, Redding, CA 96001.

## REQUIREMENT FOR SERVING THIS NOTICE

Plaintiff shall serve this notice on each defendant at the time of service of the complaint and on all intervenors and interpleaders within 10 days of service on plaintiff of complaints in intervention or interpleader. All cross-complainants shall serve this notice on each cross-defendant at the time of service of the cross-complaint.

IF YOU ARE A DEFENDANT OR CROSS-DEFENDANT, YOU HAVE BEEN SERVED WITH OTHER DOCUMENTS ALONG WITH THIS NOTICE. UNDER THE LAW, THOSE OTHER DOCUMENTS REQUIRE YOU TO TAKE ACTION PROMPTLY TO PRESERVE YOUR RIGHTS. PLEASE REVIEW THOSE MATERIALS IMMEDIATELY. THE REQUIREMENTS SET FORTH IN THIS NOTICE AND THE SETTLEMENT CONFERENCE AND TRIAL DATE SCHEDULED IN THIS NOTICE ARE SEPARATE AND ARE IN ADDITION TO THOSE CONTAINED IN THE OTHER DOCUMENTS WHICH YOU HAVE RECEIVED.

Dated: January 3, 2017

GARY G. GIBSON, Presiding Judge

I CERTIFY THAT A COPY OF THIS DOCUMENT WAS PROVIDED TO THE PLAINTIFF ON _6·5·17_ BY: _____, DEPUTY CLERK

# EXHIBIT 5

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SHASTA
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial.  Private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral.  You can read more information about these ADR processes and watch videos that demonstrate them at http://www.courts.ca.gov/programs-adr.htm .  If the parties agree to an ADR program, the parties may file the agreement with the court for the purpose of assisting the court in determining how to proceed at the case management conference.

### Potential Advantages and Disadvantages

ADR may have a variety of advantages and disadvantages over a trial, depending on the type of ADR process used and the particular case:

#### Potential Advantages
- Saves time
- Saves money
- Gives parties more control over the dispute resolution process and outcome
- Preserves or improves relationships.

#### Potential Disadvantages
- May take more time and money if ADR does not resolve the dispute
- Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable.

### Most Common Types of ADR

**Mediation** – A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute.  The mediator does not decide the outcome, but helps the parties to do so.  Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners.

**Settlement Conferences** – A judge helps the parties to understand the strengths and weaknesses of their case and to discuss settlement.  The judge does not make a decision in the case but helps the parties to negotiate a settlement.  Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Neutral Evaluation** – The parties briefly and informally present their facts and arguments to a neutral person called an "evaluator", who is often an expert in the subject matter of the dispute.  The evaluator does not decide the outcome of the dispute, but helps the parties to do so by giving them a non-binding opinion about the strengths, weaknesses, and likely outcome of their case.  Depending on the neutral evaluation program and the parties' wishes, the evaluator may then help the parties try to negotiate a settlement.  Neutral evaluation may be appropriate if the parties want a neutral person's opinion about how

## <u>CERTIFICATE OF SERVICE</u>

## STATE OF CALIFORNIA, COUNTY OF ORANGE

   I am employed in the City of Costa Mesa, County of Orange, State of California.  I am over the age of eighteen years and not a party to the within entitled action; my business address is 600 Anton Boulevard, Suite 2000, Costa Mesa, CA 92626-7655.

   On November 8, 2017, I served a copy of the following document(s) described as **DEFENDANT WELLS FARGO BANK, N.A.'S APPENDIX OF STATE COURT PLEADINGS AND DOCUMENTS FILED IN CONNECTION WITH NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA** on the interested party(ies) in this action as follows:

Todd M. Friedman, Esq.
Adrian R. Bacon, Esq.
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Telephone:  (877) 206-4741
Facsimile: (866) 633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com

☐ **BY MAIL:**  By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on that date following ordinary business practices.  I am "readily familiar" with this business' practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service in Costa Mesa, California, in a sealed envelope with postage fully prepaid.

☒ **BY OVERNIGHT DELIVERY:**  I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed as above.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ **BY MESSENGER SERVICE.**  I served the documents by placing them in an envelope or package addressed to the person(s) at the address(es) above and providing them to a professional messenger service for service.  A declaration by the messenger is attached.

☐ **BY FACSIMILE:**  Based on an agreement of the parties to accept service by fax transmission, I faxed the document(s) to the person(s) at the fax number(s) listed above. The telephone number of the sending facsimile machine was (714) 800-1499.  The sending facsimile machine issued a transmission report confirming that the transmission was complete and without error.  A copy of that report is attached.

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from claridge.vanessa@dorsey.com to the person(s) at the e-mail address(es) listed above.

☐ **STATE:**  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ **FEDERAL:**  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

1

Executed on November 8, 2017, at Costa Mesa, California.

2

| Vanessa J. Claridge | /s/ Vanessa J. Claridge |
|---|---|
| (Type or print name) | (Signature) |

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE